DOUCET, Judge.
Plaintiff, Georgia Nell Baggett Guillory, brought this suit against defendant, Carlise Simmons, seeking damages arising out of defendant’s breach of a building contract. Following a trial, judgment was rendered in favor of plaintiff and against defendant in the sum of $4,081.76. From that judgment, defendant appeals. We affirm.
The record shows that in December of 1977, plaintiff engaged defendant to construct a home for her in Allen Parish. At that time, plaintiff was married and living in community with her husband, Larry Guillory. Mr. Guillory did not participate in any of the negotiations or in the agreement reached by the parties, however, because he was out of the country. Plaintiff and her husband were judicially separated after the house had been substantially completed. They subsequently entered into a community property settlement, pursuant to which Mr. Guillory conveyed his interest in the house to plaintiff, and plaintiff assumed the obligation to repay a loan that they had taken out to pay for its construction.
After the house was constructed and defendant was paid all of the money due him under the building contract, plaintiff brought this suit, alleging that the house contained numerous vices of construction. According to her allegations, some of the vices were caused by the absence of materials needed to complete the construction, and others resulted from the fact that the house had been constructed in an unworkmanlike manner.
Much of the evidence presented at the trial pertained to the nature of the building contract. Plaintiff attempted to show that defendant had agreed to do a “turnkey” job, while defendant attempted to prove that he had agreed to provide labor only, plaintiff being required to furnish all materials. In addition, both parties called expert witnesses who testified with regard to the quality of the construction. Plaintiff’s expert submitted an extensive list of defects that he found in the home. He attributed some of the defects to poor workmanship and others to the fact that the construction had not been completed.
The trial court found that neither party had proved their claims about the nature of the contract by a preponderance of the evidence. He concluded, however, that regardless of the nature of the contract, plaintiff was entitled to recover any damages caused by defendant’s failure to perform the construction in a workmanlike manner. Accordingly, he awarded plaintiff *797 the costs of removing the defects that her expert attributed to poor workmanship, but he did not allow recovery for those items which were deficient simply because they were incomplete.
On appeal, defendant has voiced numerous complaints about the trial court’s judgment. First, he suggests that plaintiff has not borne her burden of proving that the defects in the house were the result of his poor workmanship. We find no merit in that argument. Plaintiff’s expert, Carlton Savant, testified unequivocally that many of the defects that he found were caused by defendant’s construction of the home in an unworkmanlike manner. Defendant concedes that Mr. Savant is an expert in the construction of homes, and the only evidence that he offered to rebut his testimony was the testimony of Leroy Fontenot. It was established that Mr. Fontenot is also an expert in the construction of homes. The trial court properly discounted his testimony, however, since he testified that he spent only five minutes in the house and did not make a thorough inspection. We conclude that the trial court’s finding that there were defects resulting from defendant’s un-workmanlike construction of the home was not manifestly erroneous. It must therefore be affirmed. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
Next, defendant argues that the amount of the award is incorrect. He contends that recovery should not have been allowed for correcting any defects not contained in the listing in paragraph three of plaintiff’s petition. That contention is without merit. Plaintiff’s petition clearly states that the listing is non-exclusive. Any complaints that defendant may have had about the sufficiency of the listing were waived as a result of his failure to raise them through the dilatory exception of vagueness or ambiguity of the petition. LSA-C.C.P. Art. 926.
Defendant also argues that the trial court should have limited the amount awarded for correcting the defects to the cost of labor, since plaintiff failed to prove the existence of a “turnkey” contract. That argument is also without merit. The trial court allowed recovery for correcting only those defects that resulted exclusively from defendant’s poor workmanship, that is, only those in which the materials were provided but were not utilized properly. In some instances, the materials that were improperly utilized will have to be replaced in order to correct the defect. Obviously, anyone who is hired to correct the defects will include the cost of those materials as well as his expenses for taxes, overhead, insurance, etc. in determining his fee. Plaintiff is entitled to recover those costs under LSA-C.C. Art. 2769, regardless of the nature of the building contract. We therefore find that the trial court’s award, which is amply supported by evidence in the record is not clearly wrong.
Finally, defendant argues that plaintiff should have been awarded only half of the costs of repairing the defects, because her husband owns an undivided half interest in the claim for damages. We disagree. Any such interest that plaintiff’s husband might have acquired resulted solely from the fact that the house was part of the community of property formerly existing between them. As we noted earlier, plaintiff acquired full ownership of the house in the community property settlement in exchange for her assumption of the obligation to repay a loan secured to pay for its construction. The settlement agreement, which was executed subsequent to the filing of this suit, recites that it is a full settlement of the community and that no further accounting is due either of the parties to it. Under those circumstances, we believe that any interest that plaintiff’s husband might have had in the claim against defendant was transferred to plaintiff, although it was not expressly mentioned in the agreement.
For the above and foregoing reasons, the judgment appealed by defendant is affirmed. All costs of this appeal are assessed against defendant.

AFFIRMED.